## JAMES McLENNON *vs.* SAMUEL W. RICHARDSON.

A constable is not justified, without a warrant or previous demand, in forcibly entering a shop at midnight preceding the Lord's day, and arresting the owner and other persons there engaged in the unlawful sale of intoxicating liquors and in gaming, although he uses no more force than is necessary to arrest them.

ACTION OF TORT for breaking and entering the plaintiff's shop in Cambridge, and assaulting him, and imprisoning him for two days.   The answer alleged that the plaintiff was the keeper of a shop where he sold spirituous and intoxicating liquors, contrary to law, where idle and dissolute persons were accustomed to resort, and which was a nuisance; that at the time of the alleged trespass, it being the Lord's day, the plaintiff was engaged with divers other persons in selling and drinking intoxicating liquors, and in unlawful play and in gambling; that the defendant, being a police officer and the city marshal of Cambridge, entered the shop with suitable aid and assistance, and arrested the plaintiff and the other persons so engaged, and took them to a suitable place, where they were detained until the following Monday, when the plaintiff was taken before the police court of Cambridge and punished according to law; that the

defendant used no more force upon the plaintiff than was necessary in order to arrest him, and detained him no longer than was necessary before bringing him before the police court.

At the trial in the court of common pleas in Middlesex at December term 1858, before *Sanger*, J., the plaintiff offered evidence that on the night of Saturday, the 15th of December 1856, about midnight, the defendant forced open the door of the plaintiff's shop, in which the plaintiff lived, and entered with a posse of city watchmen, and ordered all the persons therein, including the plaintiff, to be arrested. The defendant offered evidence of the facts set forth in the answer; and that the plaintiff had suffered the persons found in his shop to remain there drinking, swearing, gambling, and angrily disputing, making loud noises and disturbances which were heard across the street. There was no evidence of a demand and refusal of entrance, but only of a knocking on the door, whereupon all became still.

The judge, against the plaintiff's objection, admitted this evidence in mitigation of damages; but ruled that, if the jury found that all the facts specially alleged in the answer were true, they would not in law constitute a justification; and that, the breaking and entering being admitted, the only question for the jury was that of damages.

The defendant requested the court to instruct the jury : " 1st. That if the defendant, being a watchman, had reasonable cause to believe that a breach of the peace was being committed, he might, after a demand at the door and a refusal from those within, break and enter, and arrest the offenders, using no more force than was necessary ; 2d. That if this building was a place resorted to for the purpose of drinking, tippling, swearing, and playing at cards, and the inmates, by their noise and altercation and disputes, or otherwise, created a disturbance to the nuisance of all good citizens there residing, inhabiting and passing, the defendant was justified in breaking and entering the house after a demand and refusal."

The judge refused to give these instructions, the jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. S. Keyes & A. B. Underwood*, for the defendant. There was such a breach of the peace proved in this case as justified the officer in whose view or hearing it took place to break open and enter the building to prevent it, without a warrant. A constable, as conservator of the peace, may break and enter any house to stop any affray going on in his view or hearing. 1 Hale P. C. 589. 1 East P. C. 303. 1 Hawk. *c.* 63, § 16. 2 Hawk. *c.* 14, §§ 1 – 9. 1 Russell on Crimes, (7th Amer. ed.) 629. *Cook* v. *Nethercote*, 6 Car. & P. 741. He may enter any other place than a dwelling-house, at least to quell noises and disturbances at unseasonable hours of the night, especially inns and places for the sale of intoxicating liquors. 2 Hale P. C. 95. 1 Russell on Crimes, 629. Willcock's Constable, 25. This building was not of a character to be entitled to the peculiar protection afforded to a man's castle. Archb. Crim. Pl. (Waterman's ed.) 333. 1 Russell on Crimes, 630. *Semayne's case*, 1 Smith's Lead. Cas. & notes. *Oystead* v. *Shed*, 13 Mass. 520. `Sts. 1855, c.* 215, § 25; *c.* 405, § 1.

Such a breach of the peace was proved, as authorized the officer in whose presence or hearing it occurred to arrest the plaintiff and his companions without a warrant. An officer may arrest without a warrant any person engaged in an affray or noisy and disorderly conduct in his presence. Authorities above cited. Archb. Crim. Pl. 21, 22. 1 Russell on Crimes, 602. Bac. Ab. Trespass, D. *Timothy* v. *Simpson*, 1 Cr., M. & R. 763. *Webster* v. *Watts*, 11 Ad. & El. N. R. 324. *Commonwealth* v. *Hastings*, 9 Met. 259. *City Council* v. *Payne*, 2 Nott & McCord, 475. The other acts done in his presence would seem to be such breaches of the peace, at least on the Lord's day, as to justify the arrest. The plaintiff and his companions were committing such offences as justified the defendant in entering and arresting under the *St.* of 1855, *c.* 215, §§ 13, 23. Their acts were such a nuisance to the neighborhood as justified the defendant in entering and abating. *Commonwealth* v. *Smith*, 6 Cush. 80. *The King* v. *Moore*, 3 B. & Ad. 184. *Rex* v. *Carlile*, 6 Car. & P. 636. *State* v. *Haines*, 30 Maine, 65. *Bloomhuff* v. *The State*, 8 Blackf. 205.

*N. St. J. Green*, for the plaintiff.

BIGELOW, J. The only question open on these exceptions is, whether the facts alleged in the defendant's answer, if proved, would establish a legal justification of the trespass averred in the declaration. We think it very clear that they would not. There is no statute on which the defendant can rely to justify his acts; and we know of no authority which a constable has at common law, without a warrant, to break open a house or shop used for the purposes to which it is averred the defendant's premises were appropriated, or to arrest a person, without legal process, for committing the acts alleged in the answer. The facts set out, if proved, would show that offences had been committed for which adequate penalties are provided, to be enforced in due course of law. But they do not fall within that class which requires the immediate intervention of legal authority, on account of the grave nature of the offence, or because they actually disturb the public peace. The authority of a constable to break open doors and arrest without a warrant is confined to cases where treason or felony has been committed, or there is an affray or a breach of the peace in his presence. 2 Hale P. C. 88 – 96. 1 Hawk. *c.* 63, § 16. 1 Russell on Crimes, 629. 1 Chit. Crim. Law, 14, 15. Bac. Ab. Constable, C. It is said in 2 Hale P. C. 95, that "if there be disorderly drinking or noise in a house at an unseasonable time of night, especially in inns, taverns or alehouses, the constable or his watch, demanding entrance, and being refused, may break open the doors to see and suppress the disorder." No authority is given for this statement, nor, so far as we know, has it ever been recognized as the law in any adjudicated case. It probably had its origin in the practice of constables in London and its vicinity, as Lord Hale adds, "and this is constantly used in London and Middlesex." But if this be the true doctrine of the law, which we are not prepared to admit, the defendant does not bring his case within it by the averments in his answer. It is not alleged that there was any "noise or disorderly drinking" in the plaintiff's premises at the time the defendant broke open the door; and if there had been, the rule, as stated by Lord Hale, would not permit him to arrest the plaintiff. Besides, he could not

break open the door without first " demanding entrance " ; the answer does not aver that any demand for entrance was made ; nor does the proof show that any such demand was made as to give the plaintiff notice that the defendant, as an officer of the law, sought an entrance into his premises. But it is not a question of proof ; the whole case turned on the sufficiency of the answer ; the defendant did not ask to amend it, and he could not legally prove in justification any facts which he had not duly pleaded. *Exceptions overruled.*